Argued and submitted February 26, affirmed August 4, reconsideration denied December 8, 1993, petition for review pending 1994

In the Matter of the Compensation of
Terry K. Davis, Claimant.
## PRECISION CASTPARTS CORPORATION,
*Petitioner,*

*v.*

Terry K. DAVIS,
*Respondent.*

(WCB No. 90-09218; CA A74861)

857 P2d 186

Ronald C. Holloway, Portland, argued the cause for petitioner. With him on the briefs were Charles C. Adams and Stoel Rives Boley Jones & Grey, Portland.

Ronald A. Fontana, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board setting aside employer's denial of claimant's work-related stress claim. We affirm.

The Board found that claimant began working for employer in 1979. In August, 1984, one of claimant's co-workers, Force, was working in a slurry pot, cleaning it out. Claimant noticed Force lying in the bottom of the pot, apparently asleep. He decided to wake Force by closing the lid on the pot to startle him. Force did not wake up. Claimant then saw that Force's color had changed, and he realized that something was wrong. He and another co-worker lifted Force out of the pot and attempted to resuscitate him. Force was taken to a hospital. He has remained comatose since then.

Force's injury was caused by argon gas, which was pumped into the slurry pots. Claimant was unaware of the dangerous propensities of argon gas.

Claimant continued to work for employer, although he began to experience recurring nightmares about the 1984 injury to Force. He suffered increasingly severe emotional problems. In February, 1990, claimant saw a worker leaning against a pot, in a position similar to what Force had been in when claimant found him in 1984. Claimant suffered an anxiety attack and left work. He began receiving counseling, and was diagnosed as suffering from an adjustment disorder. He filed a claim for an occupational disease, which employer denied. The Board concluded that the claim is compensable.

Employer argues that there is not substantial evidence to support the Board's findings that, among other things, the 1984 incident was the major contributing cause of claimant's psychological condition, and that claimant's non-work stressors did not cause his mental disorder. The evidence supports all of those findings.

Employer also argues that substantial evidence does not support the Board's finding that

"[h]ere, the causal link between both claimant's injury and his co-worker, Force's injury, is the argon gas which was being pumped into the slurry pot in which Force had been working. The evidence indicates that claimant did not know

argon gas was being pumped into the slurry pot where Force was lying. The argon gas, not claimant's alleged horseplay, caused Force's injury, and the incident in which Force was injured eventually led to the development of claimant's mental disorder. Thus, we conclude that there is a causal link between the occurrence of the injury and a risk (the argon gas) connected with claimant's employment."

We agree with employer that there is not substantial evidence to support the Board's finding that argon gas is the causal link between claimant's mental disease and a risk connected with his employment. However, that failure of evidence does not require reversal.

It appears that the Board made the challenged finding in response to employer's argument that claimant's condition is not compensable under ORS 656.005(7)(b)(A) or (B), which provide:

"(b) 'Compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties; [or]

"(B) Injury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure[.]"

Employer's argument is that claimant's condition is not work related because its cause, claimant's lowering of the lid on the slurry pot in which Force was lying and the resulting remorse that claimant experienced because of that action, was either conduct engaged in for claimant's personal pleasure, or was an assault on Force. A careful reading of the Board's order shows the flaw in employer's argument.

Employer begins with the premise that claimant's condition originated from his own actions in closing the lid on the slurry pot. That is not what the Board found. In analyzing the claim, the Board considered each of the requirements of ORS 656.802(3). It indicated the employment conditions that it concluded had produced claimant's mental disorder: the severe injury to Force and claimant's discovery of him.[1] In

---

[1] It also considered, in passing, claimant's own exposure to argon gas. As we have said, there is not substantial evidence to support a finding that claimant's

focusing on those causes, it appears that the Board rejected the premise of employer's argument here: that the cause of the mental disorder was claimant's act of closing the lid on the slurry pot in which Force was lying. That rejection was made explicit by the Board's statement that "[t]he argon gas, not claimant's alleged horseplay, caused Force's injury, and the incident in which Force was injured eventually led to the development of claimant's disorder." Because the Board found that claimant's condition was not caused by horseplay or assault, and there is substantial evidence to support that finding, employer's argument fails.

Affirmed.

---

exposure to gas caused the mental disease. Therefore, we will disregard that finding, which is not significant to the ultimate determination of compensability.